## STATE *vs.* VINCENZO ALAMANIO.

*(May 7, 1918.)*

ADULTERY—WHAT CONSTITUTES.

Under *Rev. Code* 1915, § 4788a (29 *Laws of Del. c.* 264), amending *Rev. Code* 1915, § 4788, a single person having sexual intercourse with a married person is guilty of adultery.

RICE, J., sitting.

*David J. Reinhardt*, Attorney General, and *Percy Warren Green*, Deputy Attorney General, for the state.

*Calbe E. Burchenal* for the accused.

Court of General Sessions, New Castle County, May Term, 1918.

Indictment No. 28, May Term, 1918.

Vincenzo Alamanio was indicted for adultery, under *Rev. Code* 1915, § 4788a, 29 *Laws of Delaware*, 854, amending *Rev. Code* 1915, § 4788. On general demurrer to the indictment. Demurrer overruled.

It was urged: That the unlawful, voluntary sexual intercourse between two persons of opposite sexes, only one of whom is married, as in this case, the offense of adultery is committed by the married party only and not by the unmarried. *State v. Chafin*, 80 *Kan.* 653, 103 *Pac.* 143; *Com. v. Lafferty*, 6 *Grat.* (*Va.*) 672; *Miner v. State*, 58 *Ill.* 59; *Cook v. State*, 11 *Ga.* 54, 56 *Am. Dec.* 410; *Helfrich v. Com.*, 33 *Pa.* 68; *In re Cooper*, 162 *Cal.* 81, 121 *Pac.* 318.

That under the facts disclosed by the indictment, the unmarried party is never deemed to have committed adultery, except the statute clearly embraces both parties, as in *State v. Mahan*, 81 *Iowa*, 122, 46 *N. W.* 855, and *In re Smith*, 2 *Okla.* 153, 37 *Pac.* 1099.

That the statute under which the accused is indicted does not, in a case like this, expressly provide that both parties are guilty of adultery.

For the state it was contended that the statute embraces the unmarried as well as the married party.

Rice, J., delivering the opinion of the court:

The indictment in this case charges the defendant Vincenzo Alamanio with adultery in the following language:

"The grand inquest for the state of Delaware, and the body of New Castle county, on their oath and affirmation, respectively, do present that Vincenzo Alamanio, late of Wilmington hundred in the county aforesaid, on the seventeenth day of March in the year of our Lord one thousand nine hundred and eighteen, with force and arms, at Wilmington hundred in the county aforesaid, being then and there an unmarried man, did commit adultery by then and there having carnal knowledge of the body of one Carmello Discorso, the said Carmello Discorso being then and there the wife of a man other than the said Vincenzo Alamanio, to wit, of one John Discorso, against the form of the act," etc.

To this indictment the defendant demurred on the ground:

"That the indictment states that the defendant is an unmarried man, and the crime of adultery under the statutes of the state of Delaware cannot be committed by an unmarried person."

*Chapter* 264, *Laws of Delaware, volume* 29, which ·is an amendment to *section* 8, *chapter* 153, *Rev. Code* 1915, provides as follows:

"4788a. *Section* 8a. . Adultery is the sexual intercourse of two persons either of whom is married to a third person.
    "4788b. *Section* 8b. A person who commits adultery is guilty of a midsemeanor."

It appears from the statute that adultery is defined to be "the sexual intercourse of two persons either of whom is married to a third person," and irrespective of what the common law may be with respect to this offense, or what it may be under the statutes of other states, the court is clearly of the opinion that under our statute if either of two persons having sexual intercourse is married to a third person, then either or both of the parties to the intercourse may lawfully be indicted charged with committing the act of adultery.

The demurrer is overruled.